Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 920 | **DATE** | 4/25/2003 |
| **CASE TITLE** | ED SMITH, et al vs. THE CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The City's motion pursuant to 1292(b) to certify issues for interlocutory appeal is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| ✓ | Copy to judge/magistrate judge. | 03 APR 25 PM 3:23 | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ED SMITH, et al.,                )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )    No. 94 C 920
                                 )    Paul E. Plunkett, Senior Judge
THE CITY OF CHICAGO,             )
                                 )
            Defendant.           )

DOCKETED
APR 2 8 2003

## MEMORANDUM OPINION AND ORDER

The case is before the Court on the City of Chicago's motion pursuant to 28 U.S.C. § 1292(b) to certify issues for interlocutory appeal. For the reasons set forth below, the motion is denied.

### The Legal Standard

In relevant part, 29 U.S.C. § ("section") 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

A motion under section 1292(b) should only be granted if there is a contestable and controlling question of law, the resolution of which will hasten the end of the litigation. Ahrenholz v. Board of Trustees of the Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000). In this context, a question of law is "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." Id. at 676. A question of law is controlling "if its resolution is quite likely to affect the

further course of the litigation, even if not certain to do so." Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir. 1996). Finally, a question of law is contestable if there are "substantial conflicting decisions regarding the claimed controlling issue of law," Baxter Int'l, Inc. v. Cobe Labs., Inc., No. 89 C 9460, 1992 WL 151894, at *6 (N.D. Ill. June 15, 1992), or the question "is not settled by controlling authority" and there is a "substantial likelihood . . . that the district court ruling will be reversed on appeal." Praxair, Inc. v. Hinshaw & Culbertson, No. 97 C 3079, 1997 WL 662530, at *2 (N.D. Ill. Oct. 15, 1997).

The City seeks to certify two issues: (1) "Whether plaintiffs, who lack standing to seek as damages the amounts of money not paid to their attorneys in connection with previous litigation for allegedly discriminatory reasons, nevertheless have standing to seek a 'reparative injunction' compelling payment of those same amounts of money directly to the unpaid attorneys under Bowen v. Massachusetts, 487 U.S. 879 (1988)"; and (2) "Whether, in a rational-basis equal protection case, a fact issue of pretext concerning the decision maker's stated reason for regarding two groups as not similarly situated requires a trial on whether there was a rational basis for the differential treatment." (City's Mot. Certification at 1.)

The first issue is not appropriate for certification because an appellate decision in the City's favor on that issue will not materially advance the termination of the litigation. The City says that it would because, if it prevailed on appeal, "the case [would] no longer be about a third of a million dollars but only about nominal damages and, for former Alderman Garcia, about some $7,000.00, so that it could likely be settled for nuisance value." (Mem. Supp. City's Mot. Certification at 19.) Plaintiffs, however, say they won't settle unless attorney's fees, to which they would be entitled if they prevailed, were included in the offer. (Pls.' Resp. City's Mot. Certification at 5.) Given the fact

-2-

that the parties have been litigating this case for nearly a decade, an award of attorney's fees, even one reduced to reflect the degree of success obtained by plaintiffs, could still be substantial. Thus, it is highly unlikely that a settlement offer that would be acceptable to plaintiffs would be in the City's "nuisance" range.[1] Because the City has not shown that an interlocutory appeal on the first issue is apt to speed up this case, its motion to certify that issue is denied.

In the second issue, the City questions the standard of review applicable to these equal protection claims. The City says that the restrained judicial review applicable to facial attacks on statutes should apply to plaintiffs' equal protection claims as well. See, e.g., Heller v. Doe ex rel. Doe, 509 U.S. 312, 319 (1993) ("[R]ational-basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.") (internal quotation marks and citation omitted); F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 315 (1992) ("[A] legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data."). Consequently, the City says, it is not required to provide any evidence about the actual reasons for its differing treatment of the two groups of aldermen, but may proffer any reasonable basis for distinguishing between them, even one that the record suggests it has eschewed in its past applications of the ordinances, without any evidentiary support.

---

[1] In its reply brief, the City argues that plaintiffs, if properly advised by their counsel, are likely to abandon their settlement stance because it "makes little *economic* sense." (Reply Supp. City's Mot. Certification at 4.) Sensible or not, however, we must accept plaintiffs' representations about their position, and assume that they espoused it only after discussing all options with their lawyers.

What the appropriate standard of review is for these claims is a contestable legal question. As far as we can tell, the question of what standard is applicable to a rational-basis equal protection claim challenging the enforcement of a statute has not been squarely decided by our court of appeals. There is, however, some *dicta* in Discovery House, Inc. v. Consolidated Citizens of Ind., 319 F.3d 277 (7th Cir. 2003) that lends some credence to the City's view. The plaintiff in that case challenged on equal protection grounds a Board of Zoning Appeals ("BZA") decision denying it permission to open a methadone clinic in an area zoned for doctor's offices and hospitals. A jury found for the plaintiff and the BZA appealed. The court of appeals reversed the judgment because there was "[no] evidence of discriminatory intent." Id. at 282. The Discovery House court was not asked to define the contours of rational-basis review in the context of an equal protection challenge to the enforcement of a statute, but it made some observations on the subject nonetheless. According to the court, rational-basis review in that context does not require "the governmental entity . . . to articulate its reasoning when the decision is made." Id. Rather, the court said, "any reasonably conceivable state of facts" can make the classification rational. Id. (internal quotation marks and citation omitted); see Illinois Psychological Ass'n v. Falk, 818 F.2d 1337, 1341 (7th Cir. 1987) (stating that standard for facial attacks applied in case challenging State's interpretation of regulation concerning hospital practice privileges for psychologists).

That is not, however, the approach the Seventh Circuit has taken in other cases. Martin v. Shawano-Gresham, Sch. Dist., 295 F.3d 701 (7th Cir. 2002), for example, involved a claim that a school principal had enforced a Wisconsin statute, which mandated procedures to be followed when a minor is suspended from school, differently against plaintiffs' daughter than he had against a similarly situated student. The court noted that the rational-basis standard applied, but did not say

-4-

that the school was, therefore, excused from presenting evidence about the actual reasons for the treatment accorded the two students. Id. at 712-13. On the contrary, only after reviewing the evidence proffered by the school as to the motivations for the principal's actions did the court conclude that his "differing treatment of [the two students] was rational." Id. at 713. Though the Martin court did not decide whether evidence of actual motivation was required, its treatment of that equal protection claim casts doubt on the value of the Discovery House *dicta* as a predictor of the Seventh Circuit's future decisions. See Ciechon v. City of Chicago, 686 F.2d 511, 522-24 (7th Cir. 1982) (examining evidence to determine that two paramedics were similarly situated and no rational reason existed for City's decision to suspend only one of them).

Dueling *dicta* aside, the rationale underlying the hands-off approach to judicial review in facial equal protection challenges does not seem to fit enforcement claims. Extreme restraint is essential in facial attacks, the Supreme Court has said, "to preserve to the legislative branch its rightful independence and its ability to function." Beach Communications, 508 U.S. at 315 (internal quotation marks and citation omitted). In enforcement cases, like this one, the plaintiffs are not contesting a legislative choice. They are challenging one person's enforcement of those choices. Subjecting that enforcement decision to fact-finding would not threaten the independence or integrity of the legislative process. Allowing such fact-finding, on the other hand, could transform the routine business of state and local government into constitutional litigation, an undesirable outcome from any perspective. The lack of controlling precedent and the conflicting policy concerns leave substantial room for differing opinion on the appropriate standard of review to be applied to plaintiffs' equal protection claims. Thus, the City's second issue is a controlling question of law.

Resolving that issue will not, however, materially advance the end of this litigation. Though a decision in the City's favor would eliminate the need for a trial, that "time savings" would occur only after the case worked its way through the appeal process. Moreover, if the Seventh Circuit agreed with this Court that the City must proffer evidence of its actual reasons for treating the two groups of alderman differently, this nine-year old case would still have to be tried. In short, though the standard to be applied to this case is a controlling question of law, its resolution is not likely to advance the ultimate termination of this litigation. Accordingly, the City's motion to certify the second issue for interlocutory appeal is denied.

## Conclusion

For the reasons set forth above, the City's motion pursuant to section 1292(b) to certify issues for interlocutory appeal is denied.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 4-25-03